## M. SPRADLIN *v.* H. T. MAY.

[Abstract Kentucky Law Reporter, Vol. 7—231.]

**Conveyance by Commissioner.**

Where a commissioner is directed to convey certain real estate by a description to extend to a boundary determined by the court as between parties claiming to different boundaries and the commissioner conveys, not following the description as determined by the court, his grantee can not open up the litigation by asserting the boundary as used by the commisioner, the boundary as fixed by the judgment will govern his rights.

APPEAL FROM FLOYD CIRCUIT COURT..

September 29, 1885.

OPINION BY JUDGE PRYOR:

The correction of the deed made by the commissioner to the appellant did not affect the right of the parties or give to the appellee, May, any greater or better title than he had prior to that time.

This entire controversy was settled in the old action of *Spradlin v. Patton's Heirs* relating to this land and under which the appellant claims the boundary was defined. The appellant, by contract with Christopher Patton (who afterwards died), became entitled to a certain boundary of land, and Patton dying before executing a deed, two of his heirs, Phoebe and Anna, made and tendered to the appellant a deed for the land, and in that action the question of boundary was determined, the court adjudging that Spradlin had not shown himself entitled to a conveyance of a greater boundary than that embraced in the deed tendered by Anna and Phoebe Patton. The action was dismissed as to Phoebe and Anna and

there being other heirs, they were directed to convey to the appellant the lands described in the deed of Phoebe and Anna Patton and upon their failure to do so the commissioner was appointed to make deeds. The commissioner made a deed that did not correspond with the deed made by Phoebe and Anna as to some of the calls, and appellant is now attempting to open the litigation, claiming under the commissioner's deed, varying as it does from the judgment. There has been no actual inclosure of this land by the appellant and an adverse holding long enough to give him title, but he maintains that it is now too late to correct the deed made by the commissioner on the ground of mistake in its execution and interposed the statute of five years.

The judgment and the deed by the commissioner will be considered as one and no correction is necessary to entitle the heirs of Patton or their vendee, the appellee, to the boundary as fixed by the judgment.

They have been asserting claim to that boundary with the possession and, as the appellant says, he was in possession on one side of the line claiming to the boundary of the commissioner's deed, the only questions to be determined is the one as to which of the two is the true line.

The former litigation has already settled that question and the variance made by the commissioner's deed can not invalidate the judgment, or when you consider the judgment and deed together there is no doubt as to the true line and the parties claiming to that line will not be deprived of their right for no other reason than that five years had elapsed from the time the variance was discovered.

The record of the former litigation, the judgment and the deed will be considered as one in determining this boundary.

Judgment *affirmed*.

*W. S. Haskins, for appellant.*

*Wm. Lindsay, R. S. Friend, for appellee.*